UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

Karen Frances Wilson and

Antoine Samuel Wilson,

Individually and on behalf of Trail End Motel LLC,

Plaintiffs,

v.

Case No. 26-cv-145-jdp

United States of America,

Camile Carter,

Quenesha McNeal,

[Bank Name], Westby Co-op Credit Union (WCCU)

Defendants.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## I. JURISDICTION

1. This action arises under:

   - 26 U.S.C. § 7431
   - 26 U.S.C. § 6103
   - 28 U.S.C. § 1331 (Federal Question Jurisdiction)
   - 28 U.S.C. § 1346

2.
3. Venue is proper in the Western District of Wisconsin.

## II. FACTUAL BACKGROUND

3. Plaintiffs are owners of Trailsendmotel LLC.

4. During a medical emergency visit at UWL, Plaintiffs were contacted by their then-attorney, Mason Higgins, requesting access to personal financial records, including QuickBooks and tax documentation.

5. Plaintiffs expressly declined authorization for release of personal tax and financial documents.

6. Despite this refusal:

    - Camile Carter allegedly contacted Plaintiffs' tax preparer.
    - Quenesha McNeal accessed or permitted access to QuickBooks and tax records.
    - Such access was not authorized by Plaintiffs.

7.

8. Plaintiffs believe IRS personnel have previously relied upon investigations by "equitable investigators" which resulted in false accusations.

9. Plaintiffs have reason to believe confidential financial information has been disseminated without consent.

10. The unauthorized disclosure creates risk of:

    - Identity theft
    - Credit damage
    - Business interference
    - Harassment
    - Prejudice in ongoing foreclosure litigation

11. Plaintiffs believe the disclosures may be connected to attempts to destabilize their financial position during foreclosure proceedings.

## III. CLAIM ONE

**Unauthorized Disclosure of Tax Information**

(Against United States of America)

11. Plaintiffs incorporate all prior paragraphs.

12. Under 26 U.S.C. § 6103, tax returns and return information are confidential.

13. Under 26 U.S.C. § 7431, a taxpayer may bring a civil action for damages if an officer or employee of the United States knowingly or negligently discloses return information in violation of § 6103.

14. Plaintiffs believe IRS agents disclosed or accessed confidential return information without lawful authorization.

15. Such disclosure was negligent or knowing.

16. Plaintiffs have suffered and will continue to suffer damages.

## IV. CLAIM TWO

**Breach of Fiduciary Duty (Against Quenesha McNeal)**

17. As tax preparer, Defendant owed fiduciary duties of confidentiality and loyalty.

18. Defendant disclosed or allowed access to Plaintiffs' private financial records without authorization.

19. Such conduct constitutes breach of fiduciary duty.

## V. CLAIM THREE

**Legal Malpractice / Breach of Fiduciary Duty (Against Mason Higgins)**

20. Attorney-client relationship existed.

21. Plaintiffs explicitly declined authorization to release personal financial documents.

22. Any attempt to circumvent client instruction constitutes breach of duty.

23. Plaintiffs suffered harm as a result.

## VI. CLAIM FOUR

**Invasion of Privacy and Negligence (Against Private Defendants)**

24. Plaintiffs had a reasonable expectation of privacy in financial and tax records.
25. Unauthorized access constitutes intrusion upon seclusion.
26. Such actions were negligent and reckless.

## VII. IRREPARABLE HARM

27. Plaintiffs face:

- Credit damage

To be Determined.

- Identity fraud
- Foreclosure prejudice
- Reputational harm
- Financial destabilization

28. Monetary damages alone are insufficient.

## VIII. RELIEF REQUESTED

Plaintiffs request:

1. Compensatory damages under 26 U.S.C. § 7431
2. Statutory damages
3. Punitive damages where permitted
4. Injunctive relief prohibiting further dissemination
5. Costs and attorney fees
6. Any other relief deemed just

*Karen Wilson*   02/20/2026